# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

TRAVIS VAUGHN NICKELSON,
　　　　　*Defendant-Appellant.*

No. 02-4915

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron M. Currie, District Judge.
(CR-01-1105)

Submitted: April 17, 2003

Decided: May 6, 2003

Before KING and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM

Travis Vaughn Nickelson appeals from his conviction and thirty-month sentence imposed following a guilty plea to uttering counterfeit checks in violation of 18 U.S.C. §§ 513(a) and (2) (2000). Nickelson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises two issues: (1) whether the plea hearing conducted pursuant to Fed. R. Crim. P. 11 was adequate, and (2) whether the sentencing guidelines were properly applied. Finding no reversible error, we affirm.

The first issue raised in the *Anders* brief is the adequacy of the Rule 11 hearing. Because Nickelson did not move to withdraw his guilty plea in the district court, this court reviews the Rule 11 proceeding for plain error. *See United States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *cert. denied*, __ U.S. __, 123 S. Ct. 200 (2002). This court indulges a strong presumption that a plea is final and binding if the Rule 11 hearing is adequate. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). We have reviewed the transcript of the hearing conducted before the district court and are satisfied that Nickelson was afforded the protections of Fed. R. Crim. P. 11. Accordingly, this claim merits no relief.

Next, Nickelson argues the district court imposed an illegal sentence by misapplying the sentencing guidelines. This court conducts a de novo review of any legal interpretation of the guidelines and reviews the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We have reviewed the district court's application of the sentencing guidelines and find no error. Nickelson's sentence was the minimum in the applicable guidelines range, and there was no error in the determination of the range. Moreover, the sentence did not exceed the maximum applicable under the relevant statutes. Accordingly, we deny relief on this claim as well.

Finding no meritorious issues upon our review of the record pursuant to *Anders*, we affirm the judgment of the district court. This court

requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*